IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JOHN A. HUNTER, | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL No: 5:23-CV-76-MTT-MSH |
| v. | : | |
| | : | |
| Unit Manager MALISA LAWSON, | : | |
| GEORGIA DEPARTMENT OF | : | |
| CORRECTIONS, | : | |
| | : | |
| Defendants | : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). *Pro se* Plaintiff John A. Hunter, an inmate at Macon State Prison in Oglethorpe, Georgia filed a civil rights complaint under 42 U.S.C. § 1983 in the Northern District of Georgia. ECF No. 1. That action was transferred to this Court. *See* ECF Nos. 3 and 4. Plaintiff has requested leave to proceed *in forma pauperis*. ECF No. 7. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 7) is **GRANTED**. However, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** for failure to state a claim for which relief may be granted.

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 7. As it appears Plaintiff is unable to

pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I. Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the facility where Plaintiff is housed. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance

with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

   II.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with the provisions of the PLRA.  Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.  The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.  Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

   I.   **Dismissal Warranted for Abuse of the Judicial Process due to Plaintiff's Failure to Disclose His Litigation History**

Plaintiff drafted his complaint on a standard § 1983 complaint form which requires a *pro se* plaintiff to make disclosures regarding past federal lawsuits.  ECF No. 1 at 1-2.

Relevant here is the fact that the form unambiguously states, "Have you filed other lawsuits in federal court while incarcerated in any institution?" *Id*. at 1. In response to this question, Plaintiff clearly marked "no". *Id.* The form further directs the Plaintiff to "describe each lawsuit in the space below". *Id.* Plaintiff failed to list any previous litigation he has brought in the federal courts and indicates that none are applicable by answering this question repeatedly with a notation of "N/A". *See id*. at 1-2. Plaintiff's responses regarding having never filed a previous lawsuit are patently false and misleading to the Court. A review of PACER records indicates that Plaintiff has been a litigant in at least nine (9) other federal lawsuits while incarcerated.[1]

1) *Hunter v. Harris*, 1:22-cv-120 (N.D. Ga. Feb. 16, 2022)

2) *Hunter v. Unknown Defendants*, 5:21-cv-160 (M.D. Ga. June 25, 2021)

3) *Hunter v. Unknown Correction Officers at Wilcox State Prison*, 2:21-cv-36 (S.D. Ga. June 30, 2021)

4) *Hunter v. Harris*, 1:15-cv-3386 (N.D. Ga., Aug. 15, 2018)

5) *Brown v. Jackson*, 6:12-cv-99 (S.D. Ga. Aug. 26, 2015)

6) *Brown v. McLaughlin*, 5:13-cv-307 (M.D. Ga. May 14, 2014)

7) *Brown v. Walker*, 5:13-cv-326 (M.D. Ga. Sep 16, 2013)

8) *Brown v. State of Georgia*, 6:12-cv-96 (S.D. Ga. Dec. 3, 2012)

---

[1] Plaintiff has filed these lawsuits under two different names, John Hunter and Johnathan Hart Brown. In each he has either referred to himself by both names or attached his Georgia Department of Corrections inmate number of 1102381 so that it is apparent that John Hunter and Johnathan Hart Brown are the same litigant.

 9) *Brown v. Taylor*, 1:10-cv- 391 (N.D. Ga. Sep. 5, 2013)

 Many of these cases were actively litigated by the Plaintiff for well over a year. *See Hunter v. Harris*, 1:15-cv-3386 (N.D. Ga., filed Sep. 25, 2015) (summary judgment granted for defendants on Aug. 15, 2018); *Brown v. Jackson*, No. 6:12-cv-99 (S.D. Ga., filed Oct. 25, 2012) (summary judgment granted for Defendants on Aug. 26, 2015); *Brown v. Taylor*, No. 1:10-cv-391 (N.D. Ga., filed Feb. 10, 2010) (habeas petition denied on Sep. 5, 2013). In one of these cases, Plaintiff continued to file post-judgment pleadings simultaneously with when the present action was filed. *See Hunter v. Harris*, No. 1:15-cv-3386 (N.D. Ga. Aug. 15, 2018) (motions and appeals filed from August 2021 through February 2023). Thus, Plaintiff was well aware he had previous lawsuits when he falsely notified this Court that he had never previously filed a federal lawsuit. *See Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010) (per curiam) ("Even if [the plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits").

 A prisoner's failure to disclose his full litigation history, when requested to do so, is not considered a minor omission. Such information is highly relevant where, as here, a prisoner seeks to proceed without prepayment of the filing fee, as the court has a duty to enforce the statutory three strikes bar, 28 U.S.C. § 1915(g). This information is also necessary for the court to determine, prior to service, whether a prisoner's claims are related to (or should be considered in connection with) another pending action and—more importantly—whether any claims or issues in the current complaint have already been decided. *Williams v. Wiggins,* No. 6:09–cv–943, 2010 WL 4983665, at *2 (M.D. Fla. Dec.

2, 2010). Reliable disclosures are thus essential for an efficient and effective screening of the large number of *pro se* prisoner complaints received by this Court. *See* 28 U.S.C. § 1915A(a). And as other courts within this Circuit have reasoned, if *pro se* plaintiffs suffered no substantial penalty for providing false or misleading information in the complaint, "there would be little or no disincentive" for prisoners to attempt to evade the requirement that such disclosures be made. *Williams*, 2010 WL 4983665 at *4 (internal quotation marks omitted).

"Although *pro se* pleadings are held to a less stringent standard, a plaintiff's *pro se* status does not excuse mistakes regarding procedural rules." *Sears*, 509 F. App'x at 936 (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993)). A prisoner's "failure to comply with court rules requiring disclosures about his previous litigation" may constitute "an abuse of the judicial process warranting dismissal" of the party's pleading as frivolous or malicious under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). *Sears*, 509 F. App'x at 936; *see also Shelton*, 406 F. App'x at 340-41 (11th Cir. 2010) (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court). Dismissal is also proper under 28 U.S.C. § 1915 where a plaintiff engages in bad faith litigiousness or manipulative tactics. *Redmon v. Lake Cnty. Sheriff's Office*, 414 F. App'x 221, 225 (11th Cir. 2011) (per curiam). In addition, Federal Rule of Civil Procedure 11(c) permits a court to impose sanctions, including dismissal, for "knowingly fil[ing] a pleading that contains false contentions." *Id.* at 225–26 (citing Fed. R. Civ. P. 11(c)).

6

Even where a prisoner has later provided an explanation for his lack of candor, the Court has generally rejected the proffered reason as unpersuasive. *See, e.g., Redmon*, 414 F. App'x at 226 ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit—that he misunderstood the form—did not excuse the misrepresentation and that dismissal was a proper sanction."); *Young v. Sec'y Fla. for Dep't of Corr.*, 380 F. App'x 939, 941 (11th Cir. 2010) (finding that not having documents concerning prior litigation and not being able to pay for copies of same did not absolve prisoner plaintiff "of the requirement of disclosing, at a minimum, all of the information that was known to him"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("The objections were considered, but the district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process.").

Here, Plaintiff has filed at least nine other previous lawsuits, yet he overtly failed to divulge any of his litigation history to a district court when instructed to do so. Therefore, Plaintiff's complaint is subject to *sua sponte* dismissal without prejudice for failure to disclose his litigation history. It is thus **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for abuse of the judicial process and therefore malicious under 28 U.S.C. § 1915A(b)(1). *See Sears*, 509 F. App'x at 936; *Shelton*, 406 F. App'x at 340-41 (affirming dismissal of prisoner's complaint where prisoner "checked 'no' to the question on the complaint form asking whether he had filed any other actions in state or federal court" but case management system revealed at least four other actions filed in federal court).

## II. Dismissal Warranted for Failure to State a Claim

### A. Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

8

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.   Factual Allegations

In 2021, Plaintiff was incarcerated at Wilcox State Prison in Abbeville, Georgia. ECF No. 1 at 3. Between March and June, Plaintiff was repeatedly transferred to different cells at the prison. *Id*. Plaintiff states that during these cell transfers, his personal property was taken from him. *Id*. Plaintiff complains that his "property has never been returned by Unit Manager Malisa Lawson to whom took [his] personal property. *Id*. Plaintiff seeks return of his property or reimbursement for the lost property. *Id.* at 4.

III.   Plaintiff's Claims

Plaintiff's claim that he has been deprived of his property is construed as a procedural due process claim contrary to the rights conferred under the Fourteenth Amendment.  "A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process."  *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).  As to the third element, it is recognized that '[d]ue process is a flexible concept that varies with the particular situation."  *Cryder*, 24 F.3d at 177.  As to the second element of a procedural due process claim, "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Thus, even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Id.*; *see also Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).

"Georgia provides a civil cause of action for the wrongful conversion of personal property."  *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1).  The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations."  *Id.*  Because Georgia law provides an adequate post-deprivation remedy through O.C.G.A. § 51-10-1, Plaintiff fails to state a § 1983 claim for the loss of his personal property.  *See*

10

*McLaughlin*, 569 F. App'x at 658 (concluding that the district court did not err in dismissing Plaintiff's procedural due process claim regarding prisoner's stolen packages); *Mines v. Barber*, 610 F. App'x 838, 840 (11th Cir. 2015) (upholding district court's dismissal of prisoner's claim that correctional officers were illegally confiscating the prisoner's personal property). Accordingly, it is further **RECOMMENDED** that this complaint also be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

## OBJECTIONS

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Chief Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this recommendation. The parties may seek an extension of time to file objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO ORDERED, DIRECTED, AND RECOMMENDED**, this 12th day of May, 2023.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE